UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DWIGHT E. JONES,
    Plaintiff,

vs.

HAMILTON COUNTY
MUNICIPAL CRIMINAL COURT, et al.,
    Defendants.

Case No. 1:24-cv-657

Hopkins, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, has filed a pro se civil complaint against Hamilton County Municipal Criminal Court, the Hamilton County Prosecutor's Office, US Bank National Association as Trustee, Hamilton County Municipal Court Judge Dwayne Mallory, Police Officer Jeff Butler, Credit Suisse First Boston Mortgage Securities Corporation, and John Does 1-100. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**Screening of Complaint**

    A.    **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

    **B.**    **Plaintiff's Complaint**

Mr. Jones's complaint is difficult to decipher. As such, the Court quotes his factual allegations, in part, verbatim. The complaint alleges:

> 31. On September 5, 2024 two bailiffs officers from HAMILTON COUNTY MUNICIPAL CRIMINAL COURT, STATE OF OHIO knocked on the door of 3548 Larkspur Avenue, Cincinnati, Ohio and affiant answered the door and the bailiffs stated the affiant and anyone in the home had to leave.
>
> 32. Affiant then asked under what authority and the bailiff stated he has an order from a judge and affiant stated he has not receive any order from a court stating that affiant had to leave and the bailiff pointed to a peace of paper in his hand and said that this is a judges order but never gave affiant the any papers.
>
> 33. Affiant ask bailiff if he had a judges order with an affidavit attached which is a requirement affiant stated the bailiff just stated he has a judges order.
>
> 34. Affiant then stated without receiving a judges order with an affidavit attach stating what and who is to be seize I, affiant would not leave.

3

35. Bailiff never gave affiant any order but then made a phone call to the local police.

36. Officer JEFF BUTLER with badge number P282 then showed up and explain to affiant that if affiant did not leave you will be arrested.

37. Affiant then showed Officer JEFF BUTLER with badge number P282 a writ of habeas and 1983 complaint between the Judge and affiant and Officer JEFF BUTLER with badge number P282 then stated that the documents do not matter because the bailiff has a judges (sic) order.

38. Affiant then explain to Officer JEFF BUTLER with badge number P282 affiant has not receive an order from a judge and the bailiff pointed at papers in his hand again.

39. Officer JEFF BUTLER with badge number P282 then stated that affiant had to leave are (sic) be arrested and I, affiant stated without receiving an order from a judge with an attach affidavit which required by law, I affiant would not leave.

40. then officer JEFF BUTLER badge number P282 arrested affiant and kidnap affiant without a warrant signed by a judge with an affidavit attached on September 5, 2024, nor is there any evidence to the contrary.

41. This was and is a (sic) injury to affiant.

42. All codes, rules and regulations are for government authorities only not human/creatures in accordance with God's law. All codes, rules and regulations are unconstitutional and lack due process... "Supreme Court Ruling Rodrigues vs. Ray Donovan," U.S. Department of labor 769 F. 2d 1344, 1348,(1985).

43. The common law is the real law, the Supreme Law of the land. The codes, rules, regulation, policy and statues are "not the law" Supreme Court Ruling Self vs. Rhay, 61 Wn (2nd) 261.

44. affiant organic living soul corpus delicti American National but not a UNITED STATES Citizen on the American land jurisdiction and the real party(s) in interest, agent through the Office of Executor for the estate/trust/corporate entity (ens legis) alleged named DWIGHT E JONES was kidnapped as surety for DWIGHT E. JONES in violation of his faith proverbs 22 verse 26.

45. Affiant organic living soul corpus delicti American National but not a UNITED STATES Citizen never waive his right to a trial by Jury of its peers (American Nationals).

4

> 46. affiant organic living soul corpus delicti American National but not a UNITED STATES Citizen agent through the Office of the Executor for estate/trust/corporate entity (ens legis) alleged named DWIGHT E JONES never give HAMILTON COUNTY MUNICIPAL CRIMINAL COURT, STATE OF OHIO express written authorization or consent to use the above Estate property.
>
> 47. affiant organic living soul corpus delicti American National but NOT a UNITED STATES Citizen agent through the Office of the Executor for estate/trust/corporate entity (ens legis) alleged named DWIGHT E JONES DWIGHT E JONES have no option for a trial by jury of peers in TRESPASS case.
>
> 48. united states constitution of America as ratified on December 15, 1791 to include the bill of rights Article VI [2][3] that the judge must honor, defend, protect, obey by this supreme controlling mandatory law requirement to ensure all Due Process and constitutional procedures judges must perform regardless. FAILURE to do so results in TREASON.
>
> 49. Dawne Mallory cannot Act to over-ride united states constitution of America as ratified on December 15, 1791 to include the bill of rights Article VI [2][3], Supremacy Clause and constitutional Oath and ignore Due Process without the Jury, causing a complete lack of Subject Matter Jurisdiction.
>
> 50. HAMILTON COUNTY MUNICIPAL CRIMAINAL (sic) COURT, STATE OF OHIO cannot Act to over-ride united states constitution of America as ratified on December 15, 1791 to include the bill of rights Article VI [2][3], Supremacy Clause and constitutional Oath and ignore Due Process without the Jury, causing a complete lack of Subject Matter Jurisdiction.
>
> ***

(Doc. 1-1 at PAGEID 10-12). The remaining allegations of the complaint continue in the same vein and are virtually incomprehensible. Plaintiff seeks monetary and injunctive relief.

### C. Resolution

It appears plaintiff is invoking the Court's federal question jurisdiction pursuant to 42 U.S.C. § 1983. For the reasons that follow, the complaint must be dismissed for failure to state a claim for relief or because the defendants are immune from suit.

5

The complaint must be dismissed against the Hamilton County Municipal Criminal Court because this defendant is not an entity capable of being sued in a 42 U.S.C. § 1983 action. Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17, which provides in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b). The Ohio Supreme Court has concluded that Ohio courts are not sui juris. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973)). *See Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874, 2009 WL 806653, at *4-5 (S.D. Ohio March 26, 2009) (holding the Warren County, Ohio Court of Common Pleas and City of Franklin Municipal Court not sui juris). Therefore, the complaint should be dismissed against the Hamilton County Municipal Criminal Court.

Likewise, the Hamilton County Prosecutor's Office is not a "person" within the meaning of § 1983 or a legal entity capable of being sued. *See Nalls v. Montgomery Cnty. Prosecutor's Off.*, No. 3:22-cv-243, 2023 WL 369955, at *5 (S.D. Ohio Jan. 24, 2023) (report and recommendation), *adopted*, 2023 WL 2081575 (S.D. Ohio Feb. 17, 2023); *Howard v. Hamilton Cnty. Just. Ctr.*, No. 1:19-cv-926, 2019 WL 6686863, at *2 (S.D. Ohio Nov. 13, 2019) (report and recommendation), *adopted*, 2019 WL 6682153 (S.D. Ohio Dec. 6, 2019) ("a prosecutor's office is not an entity capable of being sued"); *Henry v. Allen*, No. 1:13-cv-701, 2013 WL 9839229, at *4 (S.D. Ohio Dec. 20, 2013) (report and recommendation) (finding that the Hamilton County Prosecutor's Office is not a legal entity capable of being sued), *adopted*, 2014

6

WL 5475275 (S.D. Ohio Oct. 29, 2014). Therefore, the complaint against the Hamilton County Prosecutor's Office should be dismissed.

Plaintiff names defendant Judge Mallory in his official and individual capacities. Aside from naming Judge Mallory in the caption of the complaint and identifying him as a party, the only allegation against Judge Mallory is contained in Paragraph 49, suggesting that Judge Mallory overrode or violated the United States Constitution. (Doc. 1-1 at PAGEID 12).

As an initial matter, the Court is unable to discern any possible claim against Judge Mallory based on the sparse allegations in the complaint. Plaintiff generally alleges that defendant Mallory violated his rights, but he never alleges how Mallory did this.

In any event, Judge Mallory is immune from suit in both his official and individual capacity. A claim against Judge Mallory in his official capacity as a judge of the Hamilton County Municipal Court is the same as a claim against the State of Ohio. *See Mumford v. Basinski*, 105 F.3d 264, 269 (6th Cir. 1997) (concluding that an Ohio common pleas court was an arm of the state and a claim against a judge of that court was a claim against the state); *Laborers' Int'l Union of N. Am., Loc. 860 v. Neff*, 29 F.4th 325, 331 (6th Cir. 2022) (identifying many decisions that agree that "the courts in a State's third branch of government count as arms of the State"); *Ward v. City of Norwalk*, 640 F. App'x 462, 465 (6th Cir. 2016) ("the Norwalk Municipal Court is an arm of the state for § 1983 and Eleventh Amendment purposes"). "Because official capacity suits against state officials are suits against their employer—the state—[the state's sovereign] immunity also extends to such officers in their official capacities." *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1355 (S.D. Ohio 2023) (citing *Pennhurst State Sch. &*

*Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984) and *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

"There are three exceptions to a State's sovereign immunity" under the Eleventh Amendment: when Congress has abrogated it, when the State has consented to suit, or when the *Ex Parte Young* exception applies. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000) and *Ex parte Young*, 209 U.S. 123 (1908)). The first two exceptions do not apply here, as "Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983." *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020). The third exception (the *Ex Parte Young* exception) which allows some state officials to be sued in their official capacity for purely prospective injunctive relief, also does not apply. "That is because the *Ex parte Young* exception expressly prohibits injunctions directed toward state *judicial* officers regarding their adjudication of the cases and controversies put before them." *Williams*, 708 F. Supp. 3d at 1355 (citing *Ex Parte Young*, 209 U.S. at 163 (explaining that "an injunction against a state court" or its "machinery" "would be a violation of the whole scheme of our government")) (emphasis in original). As no exception applies, all claims against Judge Mallory in his official capacity are barred by the State of Ohio's sovereign immunity under the Eleventh Amendment and should be dismissed with prejudice.

Section 1983 itself "bars injunctive relief against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Wright v. Finley*, No. 1:19-cv-819, 2021 WL 680243, *4 (S.D. Ohio Feb. 22, 2021) (McFarland, J.) (quoting 42 U.S.C. § 1983). "Thus, the statute

8

generally prohibits suits for injunctive relief against judicial officers but provides exceptions for violations of declaratory decrees or the unavailability of declaratory relief,"—factors that plaintiff has not alleged here and do not otherwise appear to apply. *Id*. All claims for injunctive relief under § 1983 against Judge Mallory in his individual capacity should therefore be dismissed with prejudice. *See Ward v. City of Norwalk*, 640 F. App'x 462, 467 (6th Cir. 2016) (concluding that a district court "properly dismissed plaintiffs' claim [against a judicial officer] seeking injunctive relief, because the plain language of § 1983 allows suits for injunctions only after a litigant has sought a declaratory judgment").

Finally, the complaint should be dismissed against defendant Judge Mallory in his individual capacity because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir. 1985). Plaintiff's complaint alleges no facts to plausibly suggest that defendant Mallory presided over a matter in which he was without subject matter jurisdiction, performed non-judicial acts, or otherwise violated plaintiff's rights. Accordingly, the complaint against defendant Mallory should be dismissed.

Liberally construed, the complaint appears to allege that defendant Officer Butler arrested plaintiff without a warrant or probable cause in violation of the Fourth Amendment to the United

9

States Constitution. While plaintiff's brief allegations against defendant Officer Butler in his individual capacity may state a claim under the Fourth Amendment (unreasonable search and seizure), the Court should not consider this claim at this time. "Lacking extraordinary circumstances, a federal court cannot enjoin a pending state criminal proceeding." *WXYZ, Inc. v. Hand*, 658 F.2d 420, 423 (6th Cir. 1981) (citing *Parker v. Turner*, 626 F.2d 1 (6th Cir. 1980) and *Younger v. Harris*, 401 U.S. 37 (1971)). Under the *Younger* abstention doctrine, a federal court must abstain from considering claims where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)).

The conditions for *Younger* abstention are met here. First, the Court takes judicial notice that, at the time this case was filed, and as of the date of this writing, after plaintiff's September 5, 2024 arrest, he was charged with criminal trespass, and the case was assigned to Judge Dwayne Mallory. *See State of Ohio v. Dwight E. Jones*, 24 CRB 15305 (Hamilton County Municipal Court). (available by name or case number search at https://www.courtclerk.org/records-search (last accessed Dec. 10, 2024). *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (courts may take judicial notice of court records available online to the public). Second, the criminal case involves important state interests; "the prosecution of crimes implicates the important state interests of interpreting statutes and maintaining law and order within a state." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, *2 (6th Cir. Aug. 31, 2020). Third, there is no indication that the state

proceedings cannot provide an opportunity for plaintiff to raise his constitutional claims against the defendant Butler. Federal courts must presume that state courts are able to protect the interests of a federal plaintiff. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).

Plaintiff has not identified any extraordinary circumstances that would overcome the *Younger* abstention doctrine. Extraordinary circumstances include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53, 54; *see also Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996). These exceptions are narrowly interpreted. *Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 973 (S.D. Ohio 2010) (citations omitted). Here, the allegation in the complaint against defendant Butler do not present such extraordinary circumstances and do not rise to the level of egregious bad faith or harassment required for an exception to *Younger* abstention. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (the bad faith exception applies "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and . . . in other extraordinary circumstances where irreparable injury can be shown."). Accordingly, the undersigned concludes that this Court should abstain from considering the claims against defendant Officer Butler.

Having concluded that *Younger* abstention applies, the Court must now determine whether to stay or dismiss plaintiff's claim against defendant Butler. "Whether the plaintiff[ ] seek[s] a legal versus an equitable remedy controls how the district court disposes of the case after holding that the *Younger* doctrine applies to it." *Nimer v. Litchfiled Tp. Bd. of Trustees*,

11

707 F.3d 699, 702 (6th Cir. 2013). When a plaintiff seeks an equitable remedy, the district court may exercise its discretion to dismiss the action without prejudice. *Louisville Country Club v. Ky. Comm'n on Human Rights*, 221 F.3d 1335 (Table), 2000 WL 921015, *1 (6th Cir. June 26, 2000). When a plaintiff seeks a purely legal remedy, however, the court should stay the action. *Nimer*, 707 F.3d at 702 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)); *James v. Hampton*, 513 Fed. Appx. 471, 478 (6th Cir. 2013).

Here, plaintiff seeks both equitable and legal remedies. (Doc. 1-1 at PAGEID 16-18). Plaintiff's monetary demand requires a stay of the claim against defendant Butler under *Younger*. *Nimer*, 707 F.3d at 702. A stay "avoids the cost of refiling, allows the plaintiff[] to retain their place on the court docket, and avoids placing plaintiff[ ] in a potentially difficult position of refiling his case before the statute of limitations expires." *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995). As such, the Court recommends that plaintiff's Fourth Amendment claim against defendant Butler be stayed pending resolution of the underlying state criminal proceedings.

To the extent plaintiff names defendant Officer Butler in his official capacity, the claim must be dismissed. Plaintiff's claim against defendant Butler in his official capacity is in reality an official capacity claim against Hamilton County, the entity of which defendant Butler is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against Hamilton County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433,

441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against Hamilton County for his alleged injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). See *Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). See also *Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). "The 'official policy' requirement [of *Monell* ] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's complaint fails to allege any facts showing that defendant Butler acted pursuant to a particular policy or custom of Hamilton County in allegedly violating his civil rights. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Butler in his official capacity.

Finally, aside from listing the Credit Suisse First Boston Mortgage Securities Corporation and U.S. Bank National Association as defendants in the caption of the amended complaint and in the listing of parties, plaintiff's complaint fails to allege any wrongdoing on the part of these defendants. To avoid dismissal, the complaint must give defendants Credit Suisse First Boston Mortgage Securities Corporation and U.S. Bank National Association "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per

curiam). In the absence of any allegations of fact against defendants Credit Suisse First Boston Mortgage Securities Corporation and U.S. Bank National Association, the complaint should be dismissed as to these defendants.

The remainder of the complaint is rambling, difficult to decipher, and virtually incomprehensible. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the named defendants violated plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the remainder of the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) with the exception of plaintiff's Fourth amendment claim against defendant Officer Butler.

2. The Court abstain from exercising its jurisdiction over plaintiff's Fourth Amendment claim against defendant Butler and stay the claim pending the conclusion of the state court criminal proceedings.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v.*

*Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/10/2024

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DWIGHT E. JONES,
    Plaintiff,

vs.

HAMILTON COUNTY
MUNICIPAL CRIMINAL COURT, et al.,
    Defendants.

Case No. 1:24-cv-657

Hopkins, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).