IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DWIGHT E. JONES,

    *Plaintiff*,

v.

HAMILTON COUNTY MUNICIPAL CRIMINAL COURT, *et al.*,

    *Defendants*.

Case No. 1:24-cv-657

Judge Jeffery P. Hopkins

## ORDER

This is a pro se case brought by Plaintiff Dwight E. Jones ("Plaintiff" or "Jones") against various defendants. Pending before the Court is the Report and Recommendation (Doc. 4) issued by Magistrate Judge Karen L. Litkovitz on December 10, 2024, and Plaintiff's request for an extension of time to file a response to the Report and Recommendation, which this Court construes as a formal request for an extension of time to file objections in accordance with Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C). Doc. 9.

Plaintiff's request for an extension, however, is not routine. Indeed, Plaintiff already requested and was granted an extension of time to file objections to the Magistrate Judge's Report and Recommendation. *See* Doc 6; Notation Order 12/30/24. But rather than file objections, Plaintiff filed another request for an extension—this time asking for an extension of time to file objections until after the Court decides his Writ of Error (Doc. 10). In his Writ of Error, Plaintiff alleges that he does not authorize, nor consent to any Magistrate Judge presiding over his case, and that Magistrate Judge Litkovitz "is committing fraud on the court because she does not have authority nor consent to proceed." Doc. 10, PageID 108.

The jurisdiction and authority of magistrate judges is set forth in 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Although the governing authority allows parties to consent to a magistrate judge handling more proceedings in a given case, including entering an order of judgment, *see* § 636(c)(1), the Court is not aware of any authority (nor does Plaintiff point to any *reliable* authority) that allows parties to withhold consent from, or object to, a magistrate judge handling matters that a district judge may delegate to them in accordance with 28 U.S.C. § 636 and the Court's general orders.[1] Here, Magistrate Judge Litkovitz is acting well within her jurisdiction and authority. Plaintiff's Writ of Error (Doc. 10) is therefore not well taken. Further, the Court finds that Plaintiff has forfeited his right to file objections to the Report and Recommendation. Instead of filing objections within the extended time period that he was previously given, Plaintiff elected to proceed with a frivolous Writ of Error. Thus, Plaintiff's request for an extension to file objections (Doc. 9) is **DENIED**.

Turning next to the merits, the Report and Recommendation that Magistrate Judge Litkovitz entered recommends that (1) the complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) with the exception of Plaintiff's Fourth Amendment claim against Defendant Officer Butler, (2) the Court abstain from exercising its jurisdiction over Plaintiff's Fourth Amendment claim against Defendant Butler and stay the claim pending the conclusion of the state court criminal proceedings, and (3) the Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal would not be taken in good faith and therefore deny Plaintiff leave to appeal in forma pauperis. No objections have been filed and the time for doing so under Fed. R. Civ. P. 72(b) has expired.

---

[1] The United States District Court for the Southern District of Ohio Western Division at Cincinnati has delegated authority to magistrate judges to proceed in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* General Order of Assignment and Reference, Cin 22-02.

Having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and finding no clear error, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. *See* Fed. R. Civ. P. 72 (advisory committee notes from 1983 amendment) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"); *see e.g., Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-cv-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022). Accordingly, Plaintiff's Complaint (Doc. 3) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) with the exception of Plaintiff's Fourth Amendment claim against Defendant Officer Butler. The Court, however, will **ABSTAIN** from exercising its jurisdiction over Plaintiff's Fourth Amendment claim against Defendant Butler and will **STAY** the claim pending the conclusion of the state court criminal proceedings.

For the reasons stated in the Report and Recommendation and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal in forma pauperis. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal in forma pauperis in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

    **IT IS SO ORDERED.**

April 16, 2025

Jeffery P. Hopkins
United States District Judge